**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11-CV-624-RJC-DSC**

| | |
|---|---|
| LONNIE NOLEN, JR., )<br> )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>U.S. FOOD SERVICE, DALE )<br>ABERNATHY and MARK ALDRIDGE, )<br> )<br>   Defendants. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint," Doc. 10, filed on April 9, 2012. On April 30, 2012, attempting to give pro se Plaintiff every reasonable opportunity to prosecute his claims in this matter, the Court issued an "Order to Show Cause," Doc. 12. The Court advised Plaintiff that he had until May 25, 2012 to respond to Defendants' Motion. Id. at 2. The Court also advised Plaintiff that "failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**." Id. (emphasis in original).

On May 22, 2012, Plaintiff filed his "Response to Defendants' Motion to Dismiss," Doc. 13. "Defendants' Reply in Support of Motion to Dismiss Plaintiff's Complaint," Doc. 15, was filed on June 1, 2012. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted, as discussed below.

# I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint as true, as we must at this early stage in the proceeding, Plaintiff Lonnie Nolen, Jr. ("Plaintiff") was employed as a truck driver by Defendant U.S. Food Services ("USF"). Doc. 1. Plaintiff filed a Complaint alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff contends that he was discriminated against on the basis of his race and color in connection with his termination by USF. He also claims that USF failed to pay him for sick days, personal days and vacation days. Plaintiff names two USF employees, Dale Abernathy and Mark Aldridge, as individual Defendants in this action. Plaintiff alleges that the facts supporting his claim of discrimination are as follows:

> "I was terminated because someone call (sic) the number on the back of my truck, said I made a right hand turn talking on cell phone and ran a car in the ditch. They decided to call the number and report this and ask the company not to give there (sic) cell number."

Plaintiff alleges no other facts to support his claim for discrimination. Plaintiff states that he filed charges with the Equal Employment Opportunity Commission ("EEOC") on February 2, 2011. On September 15, 2011, the EEOC issued Plaintiff a Letter of Dismissal and Notice of Rights informing him of his right to sue. Doc. 13 at 5. On December 8, 2011, Plaintiff commenced this action against Defendants.

On April 9, 2012, Defendants filed their Motion to Dismiss, Doc. 10. Defendants argue that the individual Defendants must be dismissed because Title VII only provides for relief against the employer and not individuals. Additionally, Defendants argue that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff has failed to allege a prima facie case of discrimination in violation of Title VII.

In his Response to Defendants' Motion to Dismiss, Doc. 13, Plaintiff states that "[c]onstruing

Defendants claim's (sic) that the Plaintiff seeks a claim of discrimination on the basis of my race and color in violation of Title VII is false. I am suing for wrongful termination." Plaintiff acknowledges that he named employees Abernathy and Aldridge as individual Defendants.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554-55) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of

Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Applying these principles in Iqbal to the plaintiff's allegation that the defendants had adopted a discriminatory policy permitting "restrictive conditions of confinement" for post-September 11 detainees, the Supreme Court held "the complaint does not show, or even intimate, that petitioners purposefully housed detainees in [restrictive conditions] due to their race, religion or national origin." Iqbal, 129 S. Ct. at 1952. Accordingly, dismissal was appropriate. Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of

advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). In light of these cases, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

### B. Title VII Claim Against Individual Defendants

Taking the limited allegations of the pro se Complaint as true and construing every inference therefrom in Plaintiff's favor, his Title VII claims against the individual Defendants must be dismissed. The Fourth Circuit has consistently held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Court has stated that:

> Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII discrimination claim against Defendants Dale Abernathy and Mark Aldridge be granted.

### C. Title VII Claim Against USF

A plaintiff seeking to state a discrimination claim under Title VII must allege: (1) that he or she is a member of a protected class; (2) that he or she was satisfactorily performing the job; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside of the protected class. White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004).

The Fourth Circuit has held that Title VII applies solely to employment discrimination based on the specific protected categories of race, color, sex, religion, and national origin. King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir. 1976). Title VII does not cover other types of discrimination or mistreatment in the workplace, regardless of how unfair the alleged conduct may be. Id. Moreover, "[s]imply because someone falls within a protected class . . . does not in and of itself mean that the insults, affronts, and disagreements one experiences in the everyday workplace are necessarily attributable to alleged discrimination made unlawful by federal law." Miller v. Ingles, No. 1:09-cv-200, 2009 WL 4325218, at *14 (W.D.N.C. Nov. 24, 2009).

In this case, there are no factual allegations in Plaintiff's Complaint or the attached documents that support his claim of discrimination based upon race and/or color. The mere fact that Plaintiff subjectively believes he was terminated from employment due to racial bias does not make it so. See Wells v. Moen, Inc., No. 4:08-CV-00180-FL, 2009 WL 2568186, at *5 (E.D.N.C. August

17, 2009) (emphasizing that plaintiff's "bare conclusory recitation that she was terminated because of her gender and race is not entitled to be deemed true"). In the absence of any allegations that Plaintiff suffered differential treatment as the result of his race, his discrimination claim necessarily fails. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss Plaintiff's Title VII discrimination claim against USF be <u>granted</u>.

### III. <u>ORDER</u>

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss Plaintiff's Complaint," Doc. 10, be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>,

766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: June 4, 2012

David S. Cayer
United States Magistrate Judge