UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-624-RJC-DSC

| | |
|---|---|
| LONNIE NOLEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| U.S. FOOD SERVICE, DALE ) | |
| ABERNATHY and MARK ALDRIDGE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Defendants U.S. Food Service ("U.S. Food"), Dale Abernathy ("Abernathy"), and Mark Aldridge's ("Aldridge") "Motion to Dismiss Plaintiff's Complaint," (Doc. No. 10), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc No. 16), recommending that the Court **GRANT** Defendants' motion to dismiss. For the reasons below, the Court **GRANTS** the defendants' motion.

## I. BACKGROUND

On December 8, 2011, pro se Plaintiff Lonnie Nolen Jr. ("Plaintiff") filed a complaint, (the "Complaint"), (Doc. No. 1), in Federal Court alleging that his employment with U.S. Foods was wrongfully terminated, that he was denied pay for his unused sick, personal, and vacation days for the year before he was terminated, and that these events were discriminatory because of Plaintiff's race and color. On April 9, 2012, the defendants filed a "Motion to Dismiss Plaintiff's Complaint." (Doc. No. 10). Plaintiff failed to file a timely response. On April 30, 2012, the court issued an "Order to Show Cause." (Doc. No. 12). On May 22, 2012, Plaintiff filed his "Response to Defendants' Motion to Dismiss." (Doc. No. 13). On June 1, 2012, the defendants filed a "Reply in Support of Motion to Dismiss Plaintiff's Complaint." (Doc. No. 15).

This Court referred the motion to United States Magistrate Judge David S. Cayer pursuant to 28 U.S.C. § 636(b). On June 4, 2012, the Magistrate Judge entered an M&R, (Doc. No. 16), recommending that Plaintiff's claim be dismissed. The Magistrate Judge advised the parties that any objections to the M&R were to be filed within fourteen days of service. Plaintiff did not file any objection.

## II. STANDARD OF REVIEW

The district court has authority to assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." (Id.). "In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Where a party fails to object to the Magistrate Judge's M&R, the district court may accept, reject, or modify the M&R without explanation. Camby, 718 F.2d at 199. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has reviewed the Magistrate

Judge's M&R.

**III.   ANALYSIS**

Rule 72(b) of the Federal Rules of Civil Procedure allows a party 14 days to file specific written objection to a Magistrate Judge's proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). The Magistrate Judge advised Plaintiff of this deadline in his M&R. (Doc. No. 16). Because this deadline passed without Plaintiff filing any objection to the M&R, the Court reviews the Magistrate Judge's recommendation for clear error. Diamond, 416 F.3d at 315.

The Court finds no clear error with the Magistrate Judge's M&R. Plaintiff's complaint does not sufficiently state a claim upon which relief can be granted. A complaint attacked by a Rule 12(b)(6) motion will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554-55). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting FED. R. CIV. P. 8(a)(2)).

Plaintiff claims that his employment was terminated, and that he was denied equal pay, because of his race and color, (Doc. No. 1), in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"). Title VII "prohibits an employer from 'discharging any individual, or otherwise . . . discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race.'" Coleman v.

3

Maryland Court of Appeals, 626 F.3d 187, 190 (2010) (Quoting 42 U.S.C.A. § 2000e-2(a)). "Absent direct evidence of discrimination, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Coleman, 626 F.3d at 190 (2010). However, a plaintiff is not required to plead a prima facie case to survive a motion to dismiss. Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002). Here, Plaintiff has alleged no plausible set of facts on which a claim of discrimination, or wrongful termination, can be based.

Plaintiff checked boxes indicating that he alleged that the termination of his employment was because of his race and color. But in his response to the defendants' motion, Plaintiff stated that "defendants['] claim's that the plaintiff seeks a claim of discrimination on the basis of my race and color in violation of Title VII is false. I am suing for wrongful termination." (Doc. No. 13 at 1). In his Complaint, Plaintiff went on to plead that he was actually fired because someone called a "How's my driving?"-type number on the back of his vehicle to report an incident where Plaintiff allegedly made a right hand turn while talking on his cell phone, forcing a car into a ditch. (Doc. No. 1). Plaintiff's checking of boxes indicating discrimination based on race and color does not alone state a claim. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). As Plaintiff now argues, his factual allegations do not describe a termination based on race or color; rather they point to termination for allegedly deficient driving. (Doc. No. 13). Plaintiff may not maintain a claim under Title VII to contest the merits of his driving. Plaintiff's case must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' "Motion to Dismiss Plaintiff's Complaint," (Doc. No. 10), is **GRANTED**;

2. Plaintiff's case is **DISMISSED**.

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge